WESTERN DIS.
Sept. 1832.

BELL
vs.
BELL ET AL.

--------

### BELL vs. BELL ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT
PRESIDING.

Where the error in the record is patent, and shown by the clerk's certificate, and after the cause has stood over one term, a *certiorari* will not be granted on the motion of the appellant, unless he accounts by affidavit or otherwise, for his apparent neglect to move for it sooner.    The appeal will be dismissed at his costs.

The appeal, in this case, was taken to the August term, 1831, of this court, and continued over until August term, 1832.    The suit is brought for the recovery of certain slaves. The plaintiff had judgement, and the defendant, who is in possession of the slaves, appealed.

WESTERN DIS.
*Sept.* 1832.

BELL
*vs.*
BELL ET AL.

*Splane*, of counsel for the defendant and appellant, suggested to the court, that the record was incomplete; several papers introduced in evidence, not appearing in it. He moved the court for a writ of *certiorari*, to bring up the missing documents and for a continuance to the next term. The clerk, in his certificate, specified the papers that were wanting to complete the record; this, the counsel contended, was sufficient to authorize the issuing of the writ, as the cause could not be tried on its merits, without it. See *Code of P.* 899.

*Brownson*, for plaintiff and appellee, was willing to admit the existence of the documents as they were offered in evidence, and proceed in the cause as though they were present; at all events, being his own evidence, he was ready to try the case without them.

The counsel on the other side declined going to trial, without the completion of the record.

*Brownson* moved to dismiss the appeal at the cost of the appellant.

PORTER, J., delivered the opinion of the court.

The clerk certifies the record in this case, to contain a correct transcript of the original proceedings, as far as they could be copied; and that two of the documents necessary to complete the statement of facts, had not been furnished to him.

The appellant has moved for a *certiorari* to amend the record. The action is a possessory one. There was judgement in the court below for the plaintiff; the case has stood upon the docket for twelve months; no proof is offered or even allegation made, that the defect in the record, was not known to the appellant long since. The 898*th article of the Code of Practice*, gives the right now invoked, when the error or omission is perceived on the argument or before; and the law contemplates that as soon as it is discovered, the party who requires the correction of the error, should have it made in a reasonable time, and that he should not unnecessarily delay the trial of the cause; the necessity of requiring this course

CASES IN THE SUPREME COURT

WESTERN DIS.
Sept. 1832.

Where the error in the record is patent, and shown by the clerk's certificate, and after the cause has stood over one term, a certiorari will not be granted on the motion of the appellant, unless he accounts by affidavit or otherwise, for his apparent neglect to move for it sooner, the appeal will be dismissed at his cost.

is obvious, and particularly so, where the action is of the description now before us; and the appellant was the defendant in the inferior court. It is difficult to believe, because it is in the highest degree improbable, the appellant was not aware of the defect in the record long since; it was patent, and shown by the clerk's certificate to the transcript which he himself filed in this court. Under such circumstances, we think it behooved the party making the application for the *certiorari*, to account by affidavit or otherwise for this apparent neglect to move for it earlier; and that not having done so, he is not entitled to the writ. Parties must not be permitted to convert a remedy given them for the protection of their rights, into an engine to harass and delay their adversary.

The application is, therefore, refused, and the record as it now stands, not permitting us to examine into the correctness of the judgement rendered below, it is ordered, adjudged, and decreed, in conformity with the prayer of the appellee, that the appeal be dismissed with costs.