## LEONARD v. THE BOARD OF ENGINEERS.

1. The act for the better regulation of the management of steamboats, requires that there should be a first, or principal engineer on board of the boat, at the commencement of the trip, or voyage; should he be taken sick, or be disabled, the second engineer may act until the termination of the voyage.

2. The penalty is incurred by commencing the trip, or voyage, without a principal engineer, though it is never terminated.

3. The penalty is incurred by the person who is in command of the boat, as master, when the voyage is begun, without a licensed principal engineer on board, though another may be in fact the captain of the boat, and such person is placed temporarily in command by him for a single trip.

Appeal from the County Court of Mobile.

ACTION by the defendant in error against the plaintiff in error, as captain of a steam boat, to recover the penalty of $50 for making a trip with the steam boat Eureka, without a principal engineer, certified by the board of engineers.

The plaintiff made a short statement of the cause of action, in the county court, to which the defendant demurred. No judgment appears to have been rendered on the demurrer, but a trial was had before a jury, on the plea of not guilty.

Upon the trial, as appears by a bill of exceptions it was proved, that although the defendant was the captain of the boat, one Walker commanded it on her voyage from Mobile to Montgomery, and back to Mobile. That the first engineer was taken sick immediately preceding the departure of the boat, and another could not be procured in his place. That the boat left with but one engineer, who was certified by the board of engineers as second engineer. Walker made but this trip as captain, and Leonard was not the owner of the boat.

The court charged the jury, that if the defendant had control of the boat as captain, employed by the owners, and placed another in his stead for a voyage, the defendant is to be regarded as captain.

2. That it is not a compliance with the law, to have on board but one engineer, certified by the board as second engineer.

3. That an engineer being on board, who is not responsible for the management of the engine, is not a compliance with the law, though he may have a certificate as first engineer.

4. That any running of the boat without an engineer, such as the law requires, is a violation of the statute, though it be not for the whole of the voyage.

These charges were excepted to, and are now assigned as error, as is also the rendition of judgment for want of a sufficient statement of the cause of action.

W. G. JONES, for plaintiff in error.

1. The statute under which this proceeding was instituted is a highly penal statute, and must therefore be strictly construed. [Clay's Dig. 137, §§ 10, 11; 138, § 13.]

2. The plaintiff, Leonard, was not the *Captain* or *owner*

of the boat at the time the voyage complained of was made, and therefore was not liable to the forfeiture. The captain or master is he who has the actual charge or command of the ship or boat during the voyage. Leonard, it was proved, was not on board the boat, or in actual command of it, at any time during the voyage. As to who is Captain, see Abbot on Shipping, 85 ; 2 Kinnie's Law Com. 595-6.

3. The forfeiture is not incurred by the mere running of the boat without a duly licensed engineer. A complete voyage must be made. The passing of the boat from Mobile to Montgomery, and back to Mobile, under the facts shown in the bill of exceptions, constituted but one voyage. As to what is a *voyage* see Kinnie's Law Comp. 629, 631.

4. The forfeiture is incurred only by making a voyage, without any licensed engineer. It is not incurred by having one only licensed as second engineer. [Clay's Dig. 137, § 10, 138, § 13.]

5. The statement is so fatally defective, in not averring that Leonard was owner, or Captain of the boat—or that a voyage was made—and in other respects—that no judgment can be legally rendered on it. Such substantial defects are fatal, on demurrer, in arrest of judgment, or on writ of error. [Cummins v. Gray, 4 S. & P. 379 ; Roden et al. v. Roland, 1 Stew. 266.]

Fox, contra.

A formal declaration was not necessary. If the statement were insufficient, the objection is cured by pleading to it. The demurrer was waived by the plea. [Morrison v. Morrison, 3 St. 444; Grigsby v. Nance, 3 Ala. 347; Hanks v. Hinson, 4 P. 509; Wheeler v. Bullard, 6 P. 352 ; Carlisle v. Davis, 7 Ala. 42.]

The forfeiture is incurred by a violation of the provisions of the particular section of the law. [Clay's Dig. 137, § 10.] The provisions are, that neither the master nor owner shall employ an incompetent person. The act of employing him is the offence. And the act specifies who are competent or otherwise. [§ 13.] The engineer employed as principal must be one with the higher certificate.

It is not so much a penal law, as one of general police. Un-

less expressly confined in its operation, it must be construed to embrace the evils intended to be remedied. [The People v. Utica Ins. Co. 15 Johns. 358; Dwarris on Stat. 698.] A statute penal as to some, yet if it be generally beneficial shall be liberally construed. [Sickles v. Sharp, 13 Johns. 497; Blakeny v. Blakeny, 6 P. 109; Dwarris, 736-7; 19 Viner's Ab. 518, 521.]

Leonard employed the incompetent engineer for the voyage. He was in the entire control of the boat. *Magistrum navis accipue debemus, cui toties navis cura mandata est.* There was no emergency authorizing a substitution. [Story on Ag. § 36; Liv. Ag. 70.]

ORMOND, J.—The statute, (Clay's Dig. 138, § 10, 11,) upon which this action is founded, was designed to insure the presence of a competent engineer, for the management of the engines of steam boats, and we think it is clearly the meaning of the act, that every boat should have on board during a voyage, a first, or principal engineer, certified as such by the board of engineers. The distinction made in the statute, between first, and second engineers, by the 13th section, is without meaning or object, unless this construction is put upon it, as the design of the act was not to furnish a scale by which the wages of these persons was to be graduated, but to ascertain their qualifications, by an examination by the board of engineers, and thus to secure the public against damage from incompetent engineers. The act, however, does imply, that if a first engineer is employed, his assistant may be of inferior qualifications, but under his supervision, capable of aiding in the management of the engine.

The penalty is incurred by the Captain, or owner, of the boat, and whoever is in command of the boat, when the law is violated, is liable as Captain. The defendant, it appears, was the master of the boat, employed by the owners, and engaged one Walker, to take the command of the boat for the trip to Montgomery, and back to Mobile, and it was during this period, that the liability was incurred. This is a penalty incurred for the violation of a statute, and we are clear in the opinion, that no one can be subject to it, unless

he is in fact the master of the boat, at the time the penalty is alledged to have been incurred. Walker was to all intents the Captain of the boat, during this voyage, having the char ge of the vessel, and in that capacity, having power to charge those engaged in running the boat by his acts, as such ; much more must he be considered as the Captain of the boat, so as to be subject to this penalty, which is for the violation of a duty, imposed upon him as an individual. The public have no means of knowing who is the master of the boat, but by the fact that one assumes the command of it, and cannot know the secret engagements of the parties. Whoever therefore, in fact commands the boat during a voyage, when a penalty is incurred by this act, is the proper person to be sued.

It is not necessary to incur a forfeiture under this act, that the meditated voyage should be actually performed. It is sufficient if it be commenced, and the boat be actually run without a licensed engineer on board, employed to manage the engine. The penalty it is true, is for each voyage so made, but that was only intended to guard against the recovery of more than one penalty for a voyage, or trip. The danger to those in the boat, from the want of the necessary skill in the engineer, was the object the statute had in view, and that begins when the voyage commences, and is as perilous to those who travel a part of the way, as to those who go the entire voyage. Besides, the want of skill in the engineer might be the cause of breaking up the voyage, and preventing its termination.

We have said, there must be a licensed engineer on board, employed to manage the vessel, at the commencement of the voyage ; should he be disabled frem attending to his duties during the trip, we think it would be a sufficient reason for permitting the second engineer to manage the vessel ; but when, as in this case, the principal engineer was taken sick before the commencement of the voyage, it was the duty of the master to supply his place.

Let the judgment be reversed and the cause remanded.