## WALKER v. BOARD OF S. B. ENGINEERS.

1. The captain of a steamboat, who makes, or commences a voyage, without a properly licensed engineer on board, is subject to the penalty of $50, though the services of the engineer may have been engaged by a different person, as owner of the boat.

Error to the Circuit Court of Mobile.   Before the Hon. J. Bragg.

THE defendants in error sued the plaintiff before a justice of the peace, for the sum of $50, for violating the act of 1841, by employing an engineer who had not obtained a certificate from the company, of his competency and skill as an engineer, according to the directions of the act, and making a trip from Mobile to Montgomery with an engineer who had not obtained a certificate. Judgment having been rendered against the plaintiff in error, he appealed to the circuit court, and on the trial, a bill of exceptions was taken to the ruling of the court, which shows that the plaintiffs proved, that the defendant Walker, as captain of the steamboat Eureka, made a trip from Mobile to Montgomery, the engine of the boat being under the entire control of an engineer, who had a certificate from the board of directors only as a second engineer, no engineer being on board who had a certificate as first engineer.

The defendant introduced a witness, who stated that he was the agent of the owners of the boat, and as such agent, he (the witness) employed the engineer, and put him on board the boat; that the defendant did not employ the engineer, nor had he any control over him.

The defendant's counsel requested the court to charge the jury—

1. That if the defendant was not owner, or part owner of the boat, at the time the voyage was made, and did not actually employ the engineer himself, he is not liable to the penalty.

2. That if the engineer was actually employed by the owners, or their agent, then the owners, and not the captain of the boat, was liable to the penalty of $50.

These charges the court refused, and charged, that the term employment, was to be referred to the engineer's being engaged at the engine, and not to the contract with him; to which the defendant below excepted.

Hamilton, for plaintiff in error.
Lockwood, contra.

DARGAN, J.—The section of the act supposed to be violated, is as follows: "No engineer shall be employed by any captain, or owner of any steamboat, navigating the waters of this state, who shall not first have undergone an examination before said board, and obtained a certificate, signed by the president and secretary of said board, of his competency and skill, in the capacity of engineer: and if any person shall violate the provisions of this act, he shall forfeit and pay the sum of $50, for every voyage that shall be performed without such certificate first being obtained," &c. Digest, 137, § 10.

The object of this act, was to afford to the public the benefit, or protection, of having a competent engineer to manage the engines of steamboats, whilst the boat is running, or making a voyage; for no penalty is incurred without making, or commencing a voyage. If the boat is lying up in port, and has no engineer on board, no forfeiture is incurred. The term used in the statute, that "no engineer shall be employed," &c. can only relate to actual employment at the engine, and can have no reference to the contract, or agreement to employ; and whoever is in command of the boat as captain, incurs the penalty when the law is violated. 10 Ala. Rep. 52. The law was violated in making the voyage without an engineer who had obtained the proper certificate. The plaintiff in error was the captain—he therefore incurred the penalty.

The judgment is affirmed.