McMasters<br>v.<br>Place.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ELLEN HARRIS v. JAMES B. HAYS—CATHARINE GUENTHER,
Warrantor.

It is the duty of the appellant to see that the record contains all the evidence on which the case was tried. If he neglect so to do, the Court is without the means of reviewing the case, and the appeal will be dismissed.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *J. Q. Bradford*, for plaintiff and appellant. *C. M. Bradford*, for defendant. *Wm. H. Hunt*, for warrantor.

CAMPBELL, J. This is a petitory action, instituted by the plaintiff, *J. B. Hays*, for the recovery of a slave, with damages for his wrongful detention. The defendant filed a general denial, calling in warranty his vendor, *Mrs. Caroline G. Hoffman*. The warrantor interposed, among other exceptions, that of *lis pendens*, which was sustained and the suit dismissed; from which judgment the plaintiff has appealed.

We are unable to reverse this judgment, inasmuch as the record contains no part of the evidence on which it was rendered, notwithstanding the certificate of the clerk that it is a complete transcript of all the documents filed, of all the evidence adduced, and of all the proceedings had on the trial."

Under this state of the case we would feel bound to reverse the judgment if the record itself did not disclose the fact that evidence was adduced on the trial, and the consequent falsity of the certificate. That the error in the certificate resulted from inadvertence we are willing to believe, yet we deem it proper at the same time to express our disapprobation of the inexcusable negligence of the officer who granted it.

It may further be remarked that the plaintiff has offered no explanation of the fact of his having filed a record, which, though certified to be complete, appears by his own averments, contained in his application for a new trial, to be imperfect—being content, as it would seem, to rest his hopes for a reversal of the judgment, on an irregularity, not of his opponent, but imputable rather to himself. He cannot profit by his own wrong. It was his duty to bring up the evidence on which the case was tried. Not having done so, the Court has not the means of reversing the judgment appealed from; but must presume that it was rightly rendered, and on sufficient evidence.

The appeal is, therefore, dismissed at the costs of the appellant.

Re-hearing refused.