No. 8204.

THE HEIRS OF JACOB HOOVER VS. Z. YORK AND E. J. HOOVER, EXECUTORS.
A. G. OBER, INTERVENOR.

The fault is attributable to Appellant, in case of an incomplete Transcript, when it is by his directions that the Clerk has omitted some of the documents offered in evidence.

Article 898, C. P., does not protect Appellant against the consequences of an incomplete Transcript and a clearly defective Certificate of the Clerk, when he takes no steps whatever to remedy the deficiencies of his appeal before the Motion to dismiss is submitted. It has been the constant practice of this Court, under such circumstances, to dismiss the appeal.

APPEAL from the Ninth Judicial District Court, parish of Concordia. *Hough*, J.

---

*James G. Leach*, for Defendants and Appellees:

ON MOTION TO DISMISS.

First—The clerk's certificate ought to show that the transcript is a full and complete transcript of the record of the case in the lower court; and when the certificate does not show that fact, the appeal should be dismissed. 21 An. 458.

Second—The clerk's certificate ought to show that the transcript contains a copy of all the evidence adduced on the trial in the lower court. C. P. 896.

Third—When it appears that the appellants' attorney would not permit the clerk to copy the entire record in the transcript, the appeal should be dismissed. 10 An. 418.

Fourth—After the order of appeal was taken in open court, and the term of court at which it was taken had expired, the lower court could not, at a subsequent term, and while the appeal was still pending, make any further orders in the case.

*John S. Boatner* for Intervenor and Appellee:

Where the certificate of the clerk does not show a full and complete transcript of a case as presented to the lower court, the appeal should be dismissed. C. P. 896; 21 An. 458.

Where it appears that the attorney for appellant would not permit the clerk to copy in the transcript the entire record, the appeal should be dismissed. 16 An. p. 41; 8 An. 433.

The clerk should certify unqualifiedly that the transcript contains all the testimony adduced on trial. Code Practice 896.

The affidavit of the clerk annexed to the motion to dismiss in this suit, shows the defective transcript was made by the instructions of the attorney for appellant, and that the clerk is not at all to blame. Your Honors will see also in the copy of papers called "transcript," that, after an appeal had been granted and bond filed, the attorney for appellant took a rule on defendants in the District Court to compel them to agree with him as to what should be contained in the record, which was very properly overruled by the District Court as having then no jurisdiction of the case.

The certificate of the clerk is evidently designedly defective, he nowhere certifies that this is a correct transcript, nor does he say that it contains all the evidence adduced on trial in the court below, which I say is essentially necessary. Code of Practice 96; 16 An. 898; 11 An. 604; 21 An. 458.

I respectfully ask that the motion to dismiss be sustained and case dismissed at cost of appellant.

*Geo. S. Sawyer* for Plaintiffs and Appellants.

Heirs of Hoover vs. York and Hoover, Executors.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.   Appellees move to dismiss this appeal for deficiencies in the record and in the clerk's certificate, attributable to appellants' fault. The clerk certifies, in substance, that the record contains a transcript of extracts of minutes of the court in this suit, and in other suits offered in evidence, and of enumerated documents, amounting to twenty-three in number, figuring in this suit.

But he signally fails to certify whether the copy of the record which he sends up contains all the testimony adduced on the trial of the cause, and in his affidavit, which is attached to the motion to dismiss, he informs us that the documents offered in evidence, which are not transcribed in the record, were eliminated by him at the request of appellants' counsel, who directed him to copy only the documents selected by said counsel.

Our attention is called to a counter-affidavit filed by appellants' counsel, who explains his reasons for instructing the clerk as charged, and seeks to justify his course by showing that, by transcribing all the documents contained in the suits offered in evidence by appellees, the transcript would have been swelled up to some fifteen hundred pages, for which his clients, who are poor, would have been unable to pay; and in which he also urges that appellees had omitted to designate specially which portions of the records of the suits referred to had been offered by them, and that, therefore, the clerk was confused in the selection of such documents to be copied; and he further complains of the discharge by the judge *a quo* of a rule which he had taken on appellees' counsel for the purpose of compelling them to make such selection of documents.

An inspection of the note of appellees' evidence shows that they offered in evidence "the entire record and other proceedings had and all papers filed" in two distinct suits which are fully described. It was, therefore, the plain duty of the clerk, under sections 2 and 6 of rule one of this Court, as amended on November 2d, 1880, concerning the omission of ordinary process of court and returns thereon, to have copied all the documents contained in the records of said suits.

He was ready to perform such a duty, when directed by appellants' counsel to do otherwise, and the result is a transcript which does not contain all the testimony adduced, and thus fails to give us knowledge of all the matters argued or contested below.

We find no error in the refusal of the District Judge to interfere by rule in the making up of the transcript of appeal, the sufficiency of which is exclusively within the province and under the control of the appellate tribunal.

The transcript and the certificate of the clerk are both fatally deficient, and cannot support the appeal.   C. P. Art. 896; 21 An. 458; Bacas vs. Smith, Labat & Co. vs. Décuir, recently decided and not yet reported.

It is, therefore, ordered that this appeal be dismissed at appellants' costs.

## ON APPLICATION FOR REHEARING.

The opinion of the Court was delivered by

FENNER, J.   Such grave and earnest complaint is made by the respected counsel for appellants, of our action in dismissing this appeal, that we have attentively re-examined the question, without discovering how we could have acted otherwise.

The appellants have filed a transcript of appeal, the clerk's certificate to which is absolutely deficient in every requisite prescribed by law.   It is a bald certificate that the record contains a true and correct transcript of certain enumerated documents, without the slightest intimation that it contained a *complete* transcript of *all* the proceedings and testimony.   We have never encountered a certificate so grossly defective.

This certificate was notice to appellants that their appeal could not be sustained upon the transcript filed, and made it their duty to take the proper proceedings provided by law to remedy the defect.

Timely motion to dismiss was filed upon the double grounds:

1st.   That the certificate was not such as required by law.

2d.   That, in point of fact, the record was diminished by the omission of important documents offered in evidence.

Notwithstanding this additional notice, no steps whatever were taken by appellants to remedy defects.

Neither at nor before the time for argument was application made for time to correct errors as allowed by Art. 898 C. P.   No application was made for mandamus to compel the clerk to grant a proper certificate, if he had illegally refused so to do, as allowed by C. P. 899.   No *certiorari* was asked to perfect the transcript if incomplete.

The case was submitted on the motion to dismiss and the merits of the case without reservation.   Upon inspection of the record, we discovered, not merely the grossly insufficient certificate, but also an affidavit of the clerk, filed with and made part of the motion to dismiss, and of which, therefore, appellants were bound to take notice, to the effect that the attorney of appellants would not permit him to make a full and complete transcript, but refused to pay for such, and enjoined him to make the transcript as it was made, and not to include certain other documents offered in evidence.   This affidavit was not substantially contradicted by the counter-affidavit filed by counsel for appellants, which,

instead of contradicting the facts, simply assigned reasons for his action.

In this state of case as submitted, we are at a loss to conceive of any ground upon which a different decision from that rendered by us. could have been anticipated.

Leaving out of view every thing except the defective clerk's certificate, its deficiencies being patent, and no steps having been taken to correct them, and no application having been made for time for that purpose, before submission of the motion to dismiss, the continued existence, if not the origin, of the defect was attributable to the fault of the appellants, whose duty it was to present a complete and properly certified transcript; and they were not protected by the Act of 1839, now made part of Art. 898 C. P.

It has been the constant practice of this Court, from the date of the adoption of that act, to dismiss appeals for this cause under such circumstances.

1 An. 171, 180; 2 An. 996; 3 An. 592; 4 An. 487; 7 An. 257, 442; 9 An. 190; 10 An. 180; 11 An. 644, 604; 19 An. 261; 22 An. 83; 27 An 68; 20 An. 21, 141; 21 An. 458, and cases recently decided, quoted in our original opinion.

See specially Gillaulet vs. Marcelin, 7 An. 442.

Succession Kemp, 9 An 190.

The question before us on this application is whether there was error in the decision rendered upon the case as submitted. There was none.

Rehearing refused.