No. 8855.

JOHN H. SMITH VS. THE ORLEANS RAILROAD COMPANY ET AL.

The Court will not proceed to the examination of a case on an incomplete record, and where the missing paper is a part of the pleadings and has been lost, and no attempt has been made by the appellant to reproduce its contents by proceedings in the lower court contradictorily with the appellee, the appeal will be dismissed. The fault is especially imputable to the appellant where a prior appeal in the same cause has been dismissed by this Court for want of the same paper.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*A. J. Murphy* and *F. W. Baker* for Plaintiff and Appellee.

*Chs. Louque* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The plaintiff moves to dismiss because the record is incomplete in this, that the answer in the original suit is omitted. The clerk certifies the transcript's completeness except that paper, " which cannot be found after diligent search."

It appears a former appeal in this case was dismissed because the record did not contain the same paper, *i. e.* the original answer, and the motion and order of appeal were also absent. Op. Book 57, p. 261. On appellant's application for a rehearing, with accompanying affidavit of the clerk of the lower court that the answer was lost, the Court

refused to grant it, and mentioned yet another ground for dismissal, *i. e.* that the judgment was unsigned. Ibid, p. 37.

Afterwards, the lower Judge signed the judgment under proceedings taken here, and the transcript is again before us without the answer. No attempt has been made to supply a copy of it, or if that be impossible, to supply the contents of it by proceedings in the lower court contradictorily with the plaintiff. Moulton vs. Hodges, 13 Ann. 38.

We cannot go into an examination of the case without the whole record. Sibley vs. Field, 2 La. 491. The absence of the missing document had attained special prominence by the motion to dismiss when the case was here before, and no effort has been made to provide a substitute to it. Bell vs. Bell, 4 La. 470.

Two days after the submission of the cause on the motion to dismiss, the appellant filed a brief with another certificate of the clerk that upon further search he could not find the answer, in which he insists the cause should be remanded to the lower court for the purpose of supplying the answer by secondary testimony.

He has wasted his opportunity to do that, and the appellee cannot be driven hither and thither from court to court to enable his adversary to do that which the action of this Court on his former appeal significantly told him must be done.

The appeal is dismissed.

Rehearing refused.