ATLANTIC AND GULF COAST CANAL AND OKEECHOBEE LAND COMPANY, APPELLANT, vs. A. S. KINSMAN, APPELLEE.

The attorney for appellant filed papers evidencing a settlement of the litigation, and then the attorneys who had argued the cause in this court in behalf of appellee moved for an affirmance of the judgment to the extent of the amount of fees claimed by them for their services, and thereupon the appellant moved to dismiss the appeal on the ground that the suit had been settled. Motion to dismiss granted without adjudicating whether or not the suit had been settled, and without prejudice to any rights of attorneys for appellee.

JANUARY TERM, 1892.          333

A. & G. C. C. & O. L. Co. v. A. S. Kinsman.—Opinion of Court.

Appeal from the Circuit Court for Osceola county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss Appeal.

*E. K. Foster* for Motion.

*Cooper & Cooper, contra.*

RANEY, C. J. :

When this cause was reached upon the docket, for re-argument under Special Rule No. 1, there had been placed among its files by the attorney for the appellant the following papers : 1st, a certified copy of a deed bearing the date of March 12th, 1890, made by the appellee, and purporting to sell and assign to the First National Bank of Orlando the judgment appealed from, the same being in favor of appellee and against appellant, and for the sum of $9,456.62, the consideration for such assignment, as expressed in the deed, being "the sum of three thousand dollars and other valuable considerations, lawful money of the United States of America," and the appellee covenanting that the full amount of the judgment and the interest thereon were still due and unpaid, and the appellant agreeing to save the appellee harmless from any costs of proceedings for the recovery of the amount ; 2d, a certified copy of an instrument dated April 8th, 1891, signed and sealed by the appellee, in and by which instrument he authorizes John M. Lee, Clerk of the Cir-

cuit Court of Osceola county, in which court such judg-
ment was rendered, to cancel such judgment upon the
judgment of record books in such clerk's office, such
authorization being, according to the instrument, for
and in consideration of the sum of $1,250 to appellee
in hand paid by the defendant, the appellant company,
the receipt of such sum being acknowledged in full
satisfaction of the judgment; 3d, a certified copy of
an instrument under seal executed by the above-named
bank, and bearing date July 6th, 1891, and reciting
the making, filing and recording of such deed in the
office of the clerk of the Circuit Court of Osceola
county, then reading, in substance, as follows: Now,
in consideration of $1,250 paid to said bank by said
appellant company, the receipt whereof is hereby ac-
knowledged, in full satisfaction of said judgment,
costs and interests, and the same is hereby cancelled
of record in as complete a manner as if the whole sum
of $9,456.62 had been paid, with costs and interest
since the rendition of the judgment, "this cancella-
tion being made in connection with another cancella-
tion which has been made, executed and delivered to
said" appellant company, "by A. S. Kinsman, in his
own proper person, subsequent to the assignment of
said judgment hereinafter mentioned to the First
National Bank of Orlando, Florida."

These papers are certified by the clerk of the Circuit
Court of Osceola county to be copies of the records of
his office.

There had also been entered by Messrs. Cooper &

Cooper, and was presented to the court on the calling of the cause, a motion by which they represent that they were and are the attorneys of record in this court of the appellee, and argued the case orally here, and prepared and filed the briefs in his behalf, and that the alleged deed of assignment to the Bank of Orlando, represented by the above stated certified copy thereof, and the attempted cancellation of such judgment by Kinsman were made without notice to them, and that such assignment and attempted cancellations were made without any payment or settlement of the fees due the movants for their services for appellee in this court, which fees amount to $500. That Kinsman had actual notice, and constructive notice from the records of this court, of their services, and the bank had the same constructive notice, and that before the attempted cancellation by the bank they gave notice to it, and to appellant, and to the latter's attorney, of their rights in the cause as attorneys, all of which they represent was known to each of said parties from the record in this cause ; and they ask the court to affirm the judgment appealed from, to the extent of directing that it be enforced for the collection of the amount of $500 due them as attorneys for appellee.

The movants have filed certain papers in support of their motion, which, in view of the conclusion we have reached, it is unnecessary to notice.

Upon the argument of the above motion by counsel for appellant, he entered in behalf of the appellant a motion "to dismiss the appeal on the ground that the suit has been settled."

Our conclusion is to dismiss the appeal on motion of the appellant, but without adjudicating that the suit has been settled, and without prejudice to any right which the movants, Messrs. Cooper & Cooper, may have. Appellant has the right to dismiss on payment of costs, whether the suit has been settled or not. The dismissal of the appeal, however, will not of itself affect the judgment. If the judgment has been lawfully settled or cancelled of record, the dismissal will not prejudice the movants, nor add anything to the effect of the alleged settlement or cancellation, if any they have, upon the rights of the movants. Moreover, it now seems to us, in view of the limited character of our original jurisdiction, which extends only to certain special writs, that the Circuit Court, and not this tribunal, is the proper forum for the assertion of whatever rights the movants may have.

Orders disposing of the appeal and of the motions in accordance with the above views will be made.