THE DEBARY-BAYA MERCHANTS' LINE, A CORPORA-
TION, PLAINTIFF IN ERROR, VS. WILLIAM T. COTTER,
DEFENDANT IN ERROR.

1. It is the duty of the plaintiff in error or his counsel to see that a
proper transcript of the proceedings in the court below is cor-
correctly and skilfully prepared and transmitted to, this
court.

2. If a defective transcript of the proceedings in the court below is
filed in this court, and a writ of certiorari is awarded on mo-
tion of defendant in error, to supply the defects in such trans-
cript, it is the duty of the plaintiff in error and his counsel to
see that a proper return is duly made to such writ. If there is
a failure for an unreasonable period of time to perform this
duty, the writ of error, on motion made for that purpose, will
be dismissed.

Writ of Error to the Circuit Court for Orange
county.

Motion to dismiss the Writ of Error.

The facts in the case are stated in the opinion of the
court.

*Thomas E. Wilson* for the motion.

*J. F. Welborne, contra*:

LIDDON, C. J.:

This motion is made up on several grounds. As the
court holds the opinion that the writ of error should
be dismissed for reasons stated in the first and second
grounds, it is not necessary to pass upon the others.
The first ground of the motion is, that "the plaintiff in
error has failed to file with the clerk of this court a
true copy of the record and proceedings of the lower
court, as required by law, but sent up an imperfect

and defective copy of the record which was filed in this court April 3rd, 1890." The second ground of the motion is, that "the plaintiff in error has refused and still refuses, to file with the clerk of this court a true copy of the record and preceeding, although a suggestion of the diminution of the record and motion for certiorari, with proper affidavits, were made and filed in this court January 11th, 1892, and the usual order of the court was made January 12th, 1892, that the missing papers, to-wit: certified copies of the exhibits and testimony taken by the referee in this case, be transmitted to this court."

The matters alleged in the motion are by the records of this court shown to be true. It further appears that the order of January 12th, 1892, referred to, was made by consent of parties, and that a writ of certiorari issued on the same day, and that no formal return upon the same has been filed in this court. It was the duty of the plaintiff in error or its counsel to see that the record of the proceedings in the court below were correctly made out, skilfully prepared and transmitted to this court. Orman, Admr., etc., vs. Barnard *et al.*, 5 Fla., 528; Bridger vs. Thrasher, 22 Fla., 383. In this case the record filed is so defective that the court can not upon considering it adjudicate the merits of the controversy between the parties. It was the duty of the plaintiff in error or its attorney to see that a proper return was made to the writ of certiorari. This duty having been neglected for more than two years, the motion is granted, and the writ of error is dismissed.

In stating that no formal return had been made by the Clerk of the Circuit Court to the writ of certiorari herein, it was not meant that he treated this court with contempt, or refused to obey its writ. He sent up certi-

fied copies of the papers called for in the writ, but stated that his costs have never been paid for the same, and asked that the court withhold the papers from the files until his proper costs were paid. This the court has done as a matter of justice to the Circuit Court Clerk. These costs have never been paid, nor have the papers ever been filed in this court.