THE MERCHANTS' NATIONAL BANK OF JACKSONVILLE, FLORIDA, PLAINTIFF IN ERROR, VS. ISADORE GRUNTHAL, UNDER THE NAME OF I. & H. GRUNTHAL, DEFENDANTS IN ERROR.

APPELLATE PRACTICE—DIMINUTION IN RECORD—REHEARING BY APPELLATE COURT AFTER IT HAS LOST JURISDICTION OVER CASE—SECOND APPLICATION FOR REHEARING—CERTIORARI TO AMEND RECORD—WHEN GRANTED.

1. The appellate court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed.

2. Ordinarily a writ of *certiorari* to amend defects in records will not be awarded after the dismissal of a cause.

3. A *second* application for the rehearing of a cause in the appellate court by the same party, and upon the same grounds as a former application that has been considered and denied, is not permissible, and can not properly be entertained.

4. When the mandate of the appellate court has been regularly issued and sent to and filed in the court whose judgment it has reviewed, such appellate court has no further jurisdiction over the case to grant a rehearing or other relief therein.

5. An appellate court may, *sua motu*, award a *certiorari* to inform its conscience, *for the purpose of affirming* a judgment, but never to *reverse it*, or make error. Where a *reversal* is sought, the application for *certiorari* to perfect a record must come from the party seeking reversal, and must be supported by affidavit of diminution in the record.

6. It is incumbent on a party, when he assigns errors, to see that the record is in the condition in which he is entitled to have it; if he proceeds upon an imperfect transcript, and the judgment of the court is against him, he can not as a matter of right claim a *certiorari* to the inferior tribunal.

7. Suggestions of diminution in records and applications thereon for *certiorari* to supply the defects must be seasonably made and in conformity to the rules of practice in such cases; otherwise they will be denied.

Writ of Error to the Circuit Court for Duval county.

Application for Rehearing.

The facts in the case are stated in the opinion of the court.

*Bisbee & Rinehart* for Petitioner.

TAYLOR, C. J.:

On motions of the defendant in error in these two causes this court, by its judgment and opinion filed on October 13th, during the last term, dismissed the writs of error therein upon the ground that all of the errors assigned were predicated upon the original affidavits for attachment filed in said causes and upon the traverse affidavits filed therein by the defendant below, and that the transcripts of the record filed here did not so certify or exhibit such affidavits as that they could be recognized or considered by the court. That as such affidavits constituted a part of the *record proper* in the cause, they could be authoritatively *evidenced* to this court only by *the certificate of the clerk of the court below who was the custodian of them,* and that as they were exhibited in such transcripts only as part of bills of exceptions certified by the judge of the court below, this court could not properly recognize or consider them; and, therefore, because the records filed here did not exhibit any of the matters assigned as error in such manner as that this court was authorized to recognize or consider them, the causes were dismissed. Prior to the presentation of these motions by the defendant in error for the dismissal of said causes the plaintiff in error had filed

here an abstract of the record, and the defendant in error had also filed a counter statement or exceptions questioning the correctness of such abstract, in conformity to rule 20 of this court. In the counter statement or exceptions filed by the defendant in error to the abstracts filed by the plaintiff in error the defects and omissions in the record, that caused the dismissal, were expressly pointed out and disclosed to the plaintiff in error, and they were reiterated in, and made the basis of, the defendant's motions to dismiss the writs of error. Notwithstanding this, however, the plaintiff in error contested the motions to dismiss without any effort, *under the rule in such cases*, to suggest a diminution in the records, or to supply the palpable and fatal defects and omissions therein. The only semblance of an application for an amendment of the records up to the time of the judgment of the court dismissing the causes was the following, contained in the *briefs* of the plaintiff in error in opposition to the motions to dismiss, *viz*: "If, therefore, the first part of this motion to strike out the bill of exceptions should prevail, leave should be granted to the plaintiff in error to bring into the record by motion for writ of *certiorari* the affidavit of the plaintiff upon which the writ of attachment issued, the traverse affidavit of the defendant, and the plaintiff's motion to strike the same, and his demurrer thereto, which would establish just as completely as the bill of exceptions establishes each error assigned and relied upon in this court." This passing suggestion in the brief of counsel could not, of course, be considered or regarded as a suggestion of diminution in the record, or as an application for any correction thereof, when the rules of practice for the conduct of causes in this court, in

force since June, A. D. 1873, require that all applications, suggesting diminution in records, and for writs of *certiorari* to supply omissions therein, shall be predicated upon an affidavit setting forth the substance of the paper or record omitted and to be returned, and that it was at the time of the trial and still remains on file or of record in the court below, and that the affiant was not aware, and could not, in the exercise of due diligence, have informed himself of the defect in the record, so as to have had it made complete before the filing thereof in this court, and that the application is not made for delay. Rule 7, Supreme Court rules, adopted April term, A. D. 1873; Rule 15, Supreme Court Rules, adopted June term, A. D. 1895. The last mentioned rule limits the time within which suggestions of diminution in records can be made, by prohibiting their being made after the abstract or statement of the cause has been agreed upon by the parties, or after the opposing statement, in case of disagreement, had been filed, without the consent of both parties. No suggestion of diminution in the record having been made in accordance with the rules prior to the filing by the defendant in error of his opposing statement to the abstract of record filed by the plaintiff in error, nor prior to the hearing of the motions to dismiss the causes because of the defects in the record, and no consent of parties being presented that any such suggestions should then be made, the court was bound by the rule to dismiss the causes in response to the motions made. Subsequently to the dismissals of said two causes, on October 29, 1896, the plaintiff in error filed here motions to reinstate the cases upon the docket, and for leave to file a motion suggesting diminutions in the records

therein, and for a *certorari* to bring up a corrected record. These applications, for the first time, were accompanied by the affidavits upon which the rules require all such applications to be predicated. These applications were denied by the court on December 1, 1896, without any written opinion, but for the reasons, first, that the court could not, under rule 15 of this court, permit any suggestion of diminution in records to be made after an opposing statement to the abstract of record of the plaintiff in error had been filed by the defendant in error; and, second, because, even without such rule, the law is generally well settled that a writ of *certiorari* to amend defects in records will not be awarded after the dismissal of a cause. Missouri Pacific Ry. Co. vs. Scott, 78 Texas, 360, 14 S. W. Rep. 791; Stanaford vs. Parker (Ky. 1891), 15 S. W. Rep. 784, S. C. 16 S. W. Rep. 268, 2 Ency. of Pl. & Pr. 308.

On December 11, 1896, after the denial of the applications for rehearing and reinstatement of said causes, they were remitted to the court below by mandates of this court. Now, on December 30, 1896, after the denial of the former application for rehearing and reinstatement of said causes, and for leave to suggest diminution in the records therein and for *certiorari* to supplement such records, the plaintiff in error makes its second application in said causes for recall of the mandates therein, and for reinstatement of said causes, and for *certiorari* to supply the defective records therein upon the following grounds: First. Because the court has power to do it. Second. Because it is its duty to do it for the reasons hereinafter stated. Third. Because petitioner has been denied justice within the meaning of the fourth section of the Bill of

Rights of the Constitution of Florida. Fourth. Because petitioner has been deprived of property without due process of law, within the meaning of section twelve of said Constitution. Fifth. Because due process of law embraces the right of this petitioner to have a writ of *certiorari* to supply a defect in the record when applied for immediately after this court first informs petitioner by its opinion that there was a defect in the record. Sixth. Because the last part of rule fifteenth of this court denying the suggestion of diminution of the record without the consent of both parties in violation of the laws of this State, authorizing the supplying of defects in all judicial proceedings, and is in violation of the Constitution, in that it denies justice when the litigant, your petitioner, was diligently seeking to obtain it. Seventh. Because it is the right and the duty of this court, *sua sponte*, to issue a writ of *certiorari* to supply a defect in the record when the absence of omitted portions is essential, and material to enable the court to do justice between the parties. Eighth. Because the enforcement of the last section of rule fifteenth of this court in said actions is a denial of justice under the facts and circumstances already before this court on motion to reinstate showing that the petitioner was diligently seeking to obtain justice. Ninth. Because by the enforcement of the said rule this petitioner and the sureties on the attachment bond may be subjected to heavy damages without fault, negligence or want of diligence on the part of petitioner or its counsel. Tenth. Because the enforcement of the last section of rule fifteenth in this or any case where diligence is shown imperils the right of property under facts and circumstances where no human professional foresight could

have guarded against it. Eleventh. Because an affidavit in an attachment proceeding, before the decision of this court, had been held by high judicial tribunals to be no part of the pleadings in an action, and would be considered when incorporated in the bill of exceptions.

This application the court, in obedience to well established rules and precedents, feels obliged also to deny, but does so with reluctance: First, because, even if the causes were reinstated, rule 15 of our rules of practice would prohibit the granting of *certiorari* to perfect the records. The court, equally with suitors, is bound by its rules, and they must be construed as statutes would be construed. Hanson vs. McCue, 43 Cal. 178. Second, because a second application for the rehearing of a cause in this court by the same party, and upon the same grounds as a former application that has been considered and denied, is not permissible, and can not properly be entertained. Garrick vs. Chamberlain, 100 Ill. 476; Coates vs. Cunningham, Ibid, 463; Smith vs. Dennison, 101 Ill. 657. Third; because the mandate of this court having been regularly issued and sent to and filed in the court below in said causes, this court has no further jurisdiction to grant a rehearing or other relief therein. Grogan & Lent vs. Ruckle, 1 Cal. 193; *In re* Jessup, 81 Cal. 408, text 467, 21 Pac. Rep. 976, 22 Pac. Rep. 742, 1028; Browder vs. McArthur, 7 Wheat. 58; Atkinson vs. Richardson, 14 Wis. 157; Sullivan vs. Speights, 14 So. Ca. 358; Caldwell vs. Bruggerman, 8 Minn. 286; Delaplaine vs. Bergen, 7 Hill, 591; Martin vs. Wilson, 1 N. Y. 240; Legg vs. Overbagh, 4 Wend. 188, S. C. 21 Am. Dec. 115. Horne vs. Carter's Admrs., 20 Fla.

45; DeBary-Baya Merchants' Line vs. Cotter, 34 Fla. 43, 15 South. Rep. 581.

In the application under consideration it is contended that this court should, *sua sponte*, have ordered *certiorari* to perfect the defective records. The law is well settled, not only by our rules of practice in force, as before stated, since June, 1873, but by the adjudications of the courts, that a writ of *certiorari* to correct a record does not issue as a matter of right, but is awarded upon application properly and seasonably made therefor, which application must be supported by evidence showing that the record is defective.

State vs. Orrick, 106 Mo. 111, 17 S. W. Rep. 176, 329. The common law rule, followed in some of the American courts, was that an appellate court might, *sua motu*, award a *certiorari* to inform its conscience, *for the purpose of affirming a judgment*, but never to reverse it, or make error. Where a reversal is sought, the application for *certiorari* to perfect a record must come from the party seeking reversal, and must be supported by affidavit of diminution in the record. 2 Tidd's Prac. 1174; Franklin and Reeves, Rep. *temp.* Hardw. 118, S. C. 2 Str. 1023; Kesler vs. Myers, 41 Ind. 543, text 555; Bell vs. Bell, 4 La. 470; Curry vs. Woodward, 50 Ala. 258: In the case last cited it is said that "a *certiorari* from this court will not be awarded, at the instance of the appellant, to bring up pleadings which appear to have been omitted from the transcript, without any showing as to the contents of the omitted pleadings, or the time when the appellant discovered the defects of the transcript, or the diligence exercised by him in attempting to cure them." Mullary vs. Caskaden, 1 Minor, 20; Stibbins vs. Butler, Ibid, 121; Adams & Knapp vs. Horsefield, 14 Ala.

223.   In the case last cited it is said that "it is incumbent on a party, when he assigns errors to see that the record is in the condition in which he is entitled to have it; if he proceeds upon an imperfect transcript, and the judgment of the court is against him, he can not, as a matter of right, claim a *certiorari* to the inferior tribunal." This conclusion not being in conflict or inconsistent with the doctrine laid down in Lovett vs. State, 29 Fla. 334; 11 South. Rep. 176, there being no circumstances in these cases, as there were in that, to vitiate the judgments of this court or its mandates therein.

The original defects and omissions in the records in these causes, it appears, were not occasioned by any neglect or blunder of the clerk below in making them up, as the same are made up according to the written directions of counsel for the plaintiff in error. Such papers being included therein as were directed to be included, and those are omitted that were directed to be omitted. No application was made to the court to supplement the records until after the time had passed when such applications could, under the rules, be entertained or granted. An application for a rehearing of such application was made, duly considered, and properly denied. This second application for the same relief is irregular and must be denied, and it is so ordered.