SOLON B. TURMAN, PLAINTIFF IN ERROR, VS. ARTHUR D. WHALEY, DEFENDANT IN ERROR.

Appellate Practice—Corrected abstracts will be ordered where briefs of plaintiff in error admit abstracts of record wrongfully made error appear.

1. Appellate courts will sometimes *sua motu* order *certiorari* or other proper proceeding for the correction of records for the purpose of informing its conscience in order *to affirm* a judgment, though *never to reverse* one *or make error*.

2. Where an abstract of the record, not excepted to, is so prepared as to make it appear that there was no evidence to support the verdict found, but counsel for the plaintiff in error admit in their briefs that there was some testimony at the trial tending to sustain such verdict, thereby admitting in effect that such abstracts of record prepared and filed by him fail to state the case fairly, fully and correctly, and that by such failure error is wrongfully made to appear, where

Turman v. Whaley.—Opinion of Court.

otherwise none might exist, the appellate court, where it is
evident that such omissions in the abstracts were not inten-
tional, will exercise its discretion, where the demands of
justice require it, and will call, *sua motu,* for either true and
correct abstracts of the record, or in their stead, for addi-
tional copies, under the rules, of the transcript of the record.
But in such a case if there is any evidence tending to show
that such omissions in the abstracts were intentionally made,
the cause would be dismissed.  .(MABRY, J., dissenting.)

Writ of Error to the Circuit Court for Hillsborough
County.

The facts of the case are stated in the opinion of the
Court.

*W. A. Carter,* for Plaintiff in Error.
*Gunby & Gibbons,* for Defendant in Error.

TAYLOR, C. J.

This cause was submitted upon abstracts of the
record filed here on June 7th, 1897. No exceptions were
filed to such abstracts until August 10th, 1897, after the
lapse of the time for their filing as prescribed by the rules.
Upon taking the case up for final disposition in its regu-
lar order on the docket, the court finds that if the cause
is considered solely upon said abstracts of the record there
will necessarily be a reversal of the judgment below upon
the ground of a want of evidence to support the verdict
upon which it is predicated, but it is admitted in the briefs
of counsel for the plaintiff in error that there was some
testimony at the trial tending to sustain the verdict
found. This admission in the briefs of counsel is tanta-
mount to an admission upon his part that the abstracts of
the record filed by him fail to state the case fairly, fully

and correctly, and that by such failure error is made to appear, where otherwise none might exist. Were there any evidence before us that the omissions in the abstracts were intentionally made this court would not hesitate to dismiss the writ of error, but there being no such evidence we conclude that such abstracts were prepared by counsel under a misapprehension of the scope and purpose of the rules governing the preparation of abstracts. Appellate courts will sometimes *sua motu* order *certiorari* or other proper proceeding for the correction of records for the purpose of informing its conscience *in order to affirm a judgment, though never to reverse one or make error.* Merchants' Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685.

To decide the case upon an admittedly incorrect abstract of the record, whereby error is made to appear where none may exist were the true record of the case presented, seems to us to present a case where the demands of justice require us to exercise our discretion to call, *sua motu,* for either true and correct abstracts of the record, or, in their stead, for two additional copies, under the rules, of the transcript of the record; and upon failure to comply therewith to dismiss the case under the power reserved by the abstract rule, No. 20. It is, therefore, hereby ordered and adjudged that the plaintiff in error, within twenty days from the date of the filing of this order, file with the clerk of this court either perfected and correct abstracts of the record, or, in their stead, two copies of the transcript of the record, and if he shall fail so to do the cause shall stand dismissed.

MABRY, J. (*dissenting*).

Rule 20 for the government of the Supreme Court in reference to abstracts does not ,in my opinion, authorize the order made in this case. The rule imposes upon a plaintiff in error or appellant the duty of making such an abstract as therein provided and the case shall be tried upon the abstract without reference to the transcript, unless the defendant in error or appellee shall question its sufficiency or correctness in some particular to be specified, within fifteen days after the return day of the cause. If no exceptions are filed to the abstract within the time prescribed, its sufficiency and correctness shall be deemed to have been agreed upon by the parties. In this case an abstract was filed and no exceptions thereto were made within the time prescribed, and, therefore, the abstract must be deemed to have been agreed upon by the parties. The defendant in error is making no objection to the abstract in the way permitted by the rule, but the court finds from a statement in the brief of counsel for plaintiff in error that some testimony has been omitted from the abstract, and for this reason new abstracts or copies of the record are now ordered to be prepared within a time specified upon which the case will be tried.

Rule 20 expressly provides that if the plaintiff in error or appellant fail to comply with its requirements the *cause may be dismissed* upon motion of defendant in error or appellee, or the court may do so of its own motion. I agree to the view that the court has the power, under the rule, to dismiss a cause for an intentional misrepresentation of it in the abstract, but the remedy clearly pointed out in the rule is to dismiss the cause. It is found that there was no intentional misrepresentation of the cause

in the present abstract, but that in analogy to the rule sometimes employed by the courts of its own motion in aid of the affirmance of a judgment to send to the lower court for a part of the record (stated in Merchants Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685) the court will in this case order new abstracts or copies of the record to be made. I agree that there is no sufficient showing of an intentional misrepresentation of the case as shown by the abstract, but I think the Grunthal case affords no ground whatever for the order made. We are not sending down a *certiorari* to perfect a record, and, as stated, there is no sufficient showing on the face of the abstract that it is defective in reference to a statement of evidence. The analogy in the Grunthal case, instead of affording an authority for the order, would, it seems to me, be misleading. One of two courses should be pursued by the court in dealing with abstracts under rule 20: either to dispose of the case on the agreed abstract, or to dismiss the cause for a failure to comply with the rule. The rule under which the order is made affords no other remedy.