## CHAMBERS v. HENRY.
### No. 14244.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

A. G. Williams, of New Orleans, for appellant.

Borris Burk and W. J. & H. W. Waguespack, all of New Orleans, for appellee.

JANVIER, J.

Appellee suggests that this appeal should be dismissed because of the absence from the transcript, or record of appeal, of all the evidence adduced on the trial below.

We have no means of knowing what evidence was introduced in the district court, but we assume that there must have been evidence of some kind, and an examination of the record filed in this court discloses none.

■ However, it does not follow that the appeal must be dismissed, since article 898 of the Code of Practice provides that, even "at the time of argument," appellant may, if he "perceives that the copy of the record is incomplete," obtain "a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended."

The article contains the proviso that such permission shall be granted only if the omission or irregularity is not chargeable to "any act of the appellant," and we are not unmindful of the difficulty of exonerating from fault in this regard an appellant who has filed in the appellate court a record from which the entire evidence is absent. Still it is well settled that such omission is not chargeable to appellant, unless the transcript was compiled under the supervision of his counsel (Torres v. Falgoust, 35 La. Ann. 819; Hoover's Heirs v. York, 33 La. Ann. 653; Morrison v. Lynch, 36 La. Ann. 611), or unless the missing evidence was omitted under order of appellant's counsel (Smith v. Orleans R. Co. et al., 35 La. Ann. 559; Clarke & Co. v. Gormley, 16 La. Ann. 40; Harris v. Hays, 8 La. Ann. 433; City of Baton Rouge v. Cremonini, 35 La. Ann. 367; Charbonnet v. Dupasseur et al., 27 La. Ann. 105; Hall v. Beggs et al., 17 La. Ann. 130).

In a large number of cases it has been held that motions to dismiss on the ground here urged should not be sustained, even where the omission is apparent on even a superficial examination.

For instance, in Harvey v. Harvey, 44 La. Ann. 80, 10 So. 410, the transcript did not contain "many of the most important documents filed in and used by the lower court. * * *" Appellant was permitted to supply by certiorari the omissions. Furthermore, it has been held that the article of the Code affords to the appellee, who complains that the transcript is deficient, the right by certiorari to himself complete the transcript.

■ This same right is given by Act No. 229 of 1910, as amended by Act No. 265 of 1918, which acts provide that the transcript may be made up in a particular way. So that, whether this appeal was taken and the transcript prepared in accordance with the Codal provisions, or in accordance with the statutes to which we have referred, appellee could himself have completed the transcript.

In any event, the motion to dismiss on this ground cannot be sustained at this time.

The motion to dismiss the appeal is denied.

Motion to dismiss denied.