jurisdiction of the court by the plea which they had put in.

See The Washington [Case No. 17,223].

SILVER SPRING, The (WHALEN v.). See Case No. 17,477.

## Case No. 12,859.

SILVERTHAIN'S ASSIGNEE v. MITCHELL.

[Nowhere reported; opinion not now accessible.]

SILVER WIRE & SKIRT MANUF'G CO. (WEST v.). See Case No. 17,425.

SIM (BURNS v.). See Case No. 2,184.

## Case No. 12,860.

In re SIME et al.

[2 Sawy. 320;[1] 7 N. B. R. 407; 5 Pac. Law Rep. 217.]

Circuit Court, D. California. Dec. 16, 1872.[2]

DISQUALIFICATION OF JUDGE.

1. At the time of the adjudication in bankruptcy, the circuit judge was a creditor of the bankrupt, and he afterward made the necessary proof of his claim in the usual mode. After proof of the claim, he sold and assigned his claim against the bankrupt to another creditor, and received the consideration, and thenceforth ceased to have any interest in the matter. A petition by a party claiming to be a creditor having been presented to the circuit judge, under section 2 of the bankrupt act, praying a review of an order of the district court, and the proper orders to appear having been made on the application of the petitioner, when the cause was called for hearing, the petitioner's counsel raised the objection that the circuit judge was disqualified: *Held*, that the circuit judge was not disqualified.

2. There being no legal disqualification, and practically no other judge who could act for a long time to come, the circuit judge could not

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 12,861.]

properly decline to act on a point of delicacy, and thus obstruct or delay the due administration of justice for an indefinite period of time, to the injury of a large number of creditors.

[In review of the action of the district court of the United States for the district of California.]

A petition having been filed, under the second section of the bankruptcy act, asking the circuit court to review an order of the district court in a proceeding in bankruptcy, the petitioner's counsel objected to the sitting of the circuit judge, on the ground that, at the time of the adjudication in bankruptcy, the judge was a creditor of the bankrupt [John Sime & Co.], and that he had since proved his claim, and was, therefore, disqualified.

J. L. Crittenden, for petitioners.

J. B. Harmon, contra.

SAWYER, Circuit Judge. Objection is made to the jurisdiction of the circuit judge on the ground of disqualification. At the time of the failure of the banking house of John Sime & Co., I was a depositor, having a balance to my credit on the books of the bank of $625.03. My claim has since been purchased and paid for by another creditor, and duly assigned to him. I took no part in the proceeding other than formal, such as making the proof of my claim in the prescribed mode, and assenting without examination to one or two steps in the proceedings, at the request of other creditors. The party objecting is the attorney of the assignee in bankruptcy of one King, who sets up a large claim against the bankrupts' estate for the conversion of certain stock, and which is contested by the trustees, and is in course of litigation in a suit pending in the state courts. The same party was the first to invoke my action while still a creditor, and when my interest was known to him, by presenting his petition to me for a revision of the action of the district court, and asking the necessary orders for the trustees to answer the same, and for staying the payment of any dividend until the rights of his client could be determined on said petition in this court. No action was taken by me until after the assignment of my claim, and then the first order made was on the application mentioned of the same party. Having invoked my action to bring the case before this court, and after thus getting it here, having raised and argued, without objection, a point of practice of a character tending to delay the proceeding, which was overruled by me, he now, for the first time, objects to my further action on the ground of legal disqualification, well knowing that if the point can be sustained, all further proceedings will be suspended till the return of Mr. Justice Field. After a careful consideration of the subject, I am satisfied that I am no longer disqualified under the law from sitting. No statutory disqualification is brought to my notice, and the point must be determined by the principles of the common law. I have

now no interest whatever in the proceeding, pecuniary or otherwise. While a creditor of the estate, I took no part other than the mere formal one mentioned. I never examined or formed any opinion concerning any question involved in the proceeding, and I am not now conscious of any bias in any manner connected with it. I was once a creditor, it is true, but I have sold and assigned my claim and received the consideration. Doubtless the motive of the purchaser in buying was to relieve me from disqualification, and prevent the proceeding from being utterly obstructed for an indefinite period of time by appeals to the supervising jurisdiction of the circuit court, and for want of a judge competent to act. This is, certainly, not an improper motive on the part of the purchaser; and, as to myself, I could have no interest beyond getting my money. It is well known that Mr. Justice Field has just held a term in each district of his circuit, and is not required by law, and does not intend to come to the circuit again for a period of two years. I am. not aware that there is any legal objection to removing the disqualification of a judge, or any impropriety in doing it in a lawful manner. No authority is cited against it, and I have been unable to find any. On the contrary, the case of Bank of North America v. Fitzsimons, 2 Bin. 454, clearly implies the propriety of such a course. When witnesses were incompetent, on the ground of interest, it was a matter of every day experience to remove the disqualification in open court, by releasing the witness from any liability, or by the witness himself releasing or receiving satisfaction for any claim that might render him incompetent. I do not perceive that there is any greater objection to removing in a legal manner the disqualification of a judge. I am, therefore, satisfied that I am now in no sense legally disqualified to act in this case.

It only remains to consider the question of delicacy, which is a matter of especial interest to myself alone. Although wholly unconscious of any bias that could in any possible degree warp my judgment upon any question that may arise, yet, as I was once a creditor, and as I have sold my claim to another creditor, whose motive in buying could only have been to remove any disqualification on my part, in case the jurisdiction of the circuit court should be invoked, and for the purpose of preventing a delay in the proceedings, I should gladly decline to act, if I could persuade myself that I could do so without a gross violation of official duty. If there was another judge competent to act, who could sit in the case without any unreasonable delay, I should not hesitate to leave the case to him. But there is practically none. As before stated, Mr Justice Field is not expected to be here for two years, and there is no other who can act. And when he does come he can only remain for a few days, and dispose of such questions as shall then have arisen. Others would be continually liable to

arise, rendering other delays necessary, till he should come again two years afterward, and these delays are liable to be repeated till the proceedings would become practically interminable. This would be equivalent to a total denial of justice. The estate in question amounts to several hundred thousand dollars, and numerous parties are interested in its speedy settlement. The parties interested are, at least, entitled to have an early adjudication of their rights. They may, or may not, be entitled to a dividend upon their claims before the termination of the objector's suit. However that may be, they are certainly entitled to have the appropriate tribunals determine whether they are so entitled or not, or what their rights are; and for a judge to refuse to hear their case simply on a point of delicacy, because he happens to find himself in an embarrassing position, though not legally disqualified, and when there is practically no other judge who can sit, would, in my judgment, be a gross injustice. Chancellors Kent and Walworth both sat in cases when they were disqualified by the express terms of the statute. Ex parte Leefe, 2 Barb. Ch. 39; People v. Edwards, 15 Barb. 529. In the latter case, Judge Strong decided the case, although interested in the question, but not in the case. An interest in the questions to be litigated does not appear to have been regarded as disqualifying the judge, provided he is not interested in the case. In Stuart v. Mechanics' & Farmers' Bank [19 Johns. 496], Chancellor Kent was a stockholder in the bank. In Mooers v. White, 6 Johns. Ch. 360, he was also disqualified. Chancellor Kent sat in these cases after consulting Chief Justice Spencer, and with his approval. This action was put on the ground that there was no other judge who could sit, and there would otherwise be a failure of justice. Pearce v. Atwood, 13 Mass. 340, Com. v. Ryan, 5 Mass. 90, and Hill v. Wells, 6 Pick. 109, and other cases, recognize the propriety of the course in such cases. The judges of the state district courts in San Francisco have, during the past twenty odd years, tried numerous cases in which the city was a party, involving in the aggregate millions of dollars, and in which the judges, as taxpayers and property holders, were necessarily interested. So, also, have the supreme court judges, although citizens of San Francisco, finally adjudicated such cases on appeal, and many others in which the state was a party, and in which they must necessarily have been interested as citizens, liable through taxation to respond. But in this case it is not necessary to go so far, as I am no longer in any manner interested either in the case or any of the questions involved, or otherwise legally disqualified. I must decline to act, if at all, on a mere matter of delicacy, because, under the circumstances, I find it unpleasant to do so. The bankrupt act manifestly gives the circuit court supervisory jurisdiction over all matters during the course of the proceedings, embracing every interlocutory order, in order that the rights of parties may be summarily adjudicated. A refusal to act by the only judge whose action can be invoked for a period of two years, when another judge will be present for a short time only, would utterly thwart the wise policy of the law.

After mature consideration, I am fully satisfied that I am not legally disqualified to act in the case, and further, that being qualified, I am not at liberty upon a matter of mere personal feeling or preference to decline the responsibility thrown upon me by my official position; nor, in my judgment, would I have been justified, under the circumstances, in declining to permit the disqualification to be removed, by refusing to sell my claim for the purpose of avoiding that responsibility. Notwithstanding the fact that my own mind had reached the conclusions announced, I was still unwilling to trust wholly to my own judgment in a matter of some delicacy. I have, therefore, consulted two of the United States district judges of this circuit, and all of the present justices of the supreme court of the state upon the point, and I am permitted to say that, without exception, they fully concur in the view that I am not disqualified, and being qualified, that I cannot decline to act under the circumstances without a gross and inexcusable violation of my official obligations. If I had entertained a doubt upon the point, I should still feel constrained to yield to the unbiased and disinterested judgment of jurists so eminently qualified to advise in a matter of the kind, especially as their judgment is in favor of my assuming jurisdiction in a matter wherein (if I could do so consistently with my own convictions of duty), I would gladly avoid action. The objection to the jurisdiction on the ground of disqualification of the judge is overruled.