**WORK ET AL., RESPONDENTS, *v.* THE NORTHERN PACIFIC RAILROAD COMPANY, APPELLANT.**

[Submitted November 19, 1891.   Decided February 8, 1892.]

JUDGMENTS — *Sufficiency of entry — Appeals.* — In an action tried in the District Court of the Territory of Montana, sitting for the trial of causes arising under the Constitution and laws of the United States, although such court was bound in general to follow the practice governing the territorial courts, a judgment entered in a book known as "journal of proceedings," instead of a book called "judgment book," was held to constitute a valid entry of judgment as between the parties, and such an entry as to set in motion the time within which an appeal could be taken therefrom.

SAME — *Record* — *Entry.* — Where judgments are required to be entered by the clerk in a record of the court to be called the "judgment book," the entry of a judgment in a book designated as "journal of proceedings," though irregular, does not impair or invalidate the judgment as between the parties to the action.

SAME — *Nunc pro tunc entry* — *Satisfaction.* — Where a judgment once entered upon a verdict is again entered *nunc pro tunc* and is affirmed on appeal, the appellant cannot complain that two judgments stand against him upon the same cause of action and verdict, as under section 311 of the Code of Civil Procedure, upon satisfaction of said judgment, entry of satisfaction must be made, showing a cancellation of all judgments entered upon said verdict.

*Appeal from Ninth Judicial District, Gallatin County.*

·Action for damages.   Judgment was rendered for the plaintiffs below by LIDDELL, J.

*Cullen, Sanders & Shelton,* for Appellant.

The first matter to be considered in this case is the force and effect of the verdict, and the alleged judgment rendered on the 24th of June, 1889, and which has been brought into the case by a suggestion of a diminution of the record made by the respondents.   The verdict was already in the record, and it is therefore only necessary to consider the effect of the entry claimed to be a judgment made in the journal of the proceedings of the court, under date of June 24, 1889.   If this was a judgment it was so by virtue of some statutory provision, to which the respondents have failed to call our attention.   The manner of giving and entering judgment forms the subject of chapter 11 of the Code of Civil Procedure, and nowhere in it is any provision made for the entry of anything in the court's journal with reference to it.   There is certainly no provision for entering up a formal judgment in the book of minutes, and, where the case is tried to a jury, the judge is not charged with a single duty in relation thereto.   When a case has been tried to a jury, it becomes the duty of the clerk to enter up judgment in conformity with the verdict within twenty-four hours after the rendition of the same, unless the case is reserved for argument, or further consideration, or a stay of proceedings is granted.   (Code Civ. Proc. § 302.)   The entry of a judgment is a mere ministerial act, consisting of the formal entry in the prescribed book of a record of the "end and judgment of the law" in that particular case, and is designed to stand as the in-

contestible evidence of that conclusion. (1 Black on Judgments, § 106; *Los Angeles Co. Bank* v. *Raynor*, 61 Cal. 145.) If the clerk should neglect or refuse to enter a judgment, the court can undoubtedly compel him to enter it. (*Casement* v. *Ringgold*, 28 Cal. 340.) So, too, if he should make a mistake in the names of the parties, or perhaps make any other clerical error in entering the judgment, the court can authorize, direct, and compel him to enter it. (*Mann* v. *Haley*, 45 Cal. 653.) Aside from the authority which the court thus exercises over its ministerial officers, there is no function or duty prescribed to it in the entry of a judgment. It is a duty imposed by express statutory law upon the clerk of the court, and when properly discharged the judge has no more right to interfere with it than he has to interfere with the performance of any other purely ministerial act required to be performed by an officer of a court. The matter to be entered as a judgment as conceded by respondents does not require the signature of a judge, or of the clerk, or for that matter of any one else. (1 Black on Judgments, § 109.) The one essential requisite in order to constitute a valid judgment from which an appeal can be taken to this court is that it shall be entered by the clerk in a book which he is required by law to keep, and which is denominated the "judgment book." (Code Civ. Proc. § 304; *Logan* v. *Harris*, 90 N. C. 7.) From the date of its entry, i. e., its enrollment in the "judgment book," the time within which an appeal may be taken begins to run (Code Civ. Proc. § 421), and if the party appealing desires a statement of the case to be annexed to the record of the judgment or order appealed from, the time prescribed for the preparation of the same dates from time of the entry of the judgment. (Code Civ. Proc. § 432.) For the purpose of creating a lien upon the real property of the defendant, it is necessary not only that it be entered, but that it be docketed as well. (Code Civ. Proc. § 307.) So, too, interest on a judgment only begins to run from the day of entering up the same. (Comp. Stats. p. 991, § 1237.) A judgment is not admissible in evidence as such, until it has been entered in the judgment book. (*Hall* v. *Hudson*, 20 Ala. 284; *Smith* v. *Steel*, 81 Mo. 455.) The fact that this case was brought or tried, upon what may be termed the federal side of the court, makes no difference. The prac-

tice, pleading, and modes of proceedings should be in conformity with the provisions of our Code, and not otherwise. (U. S. Rev. Stats. § 914.) The interpolation of the excerpt from the journal of proceedings of June 24, 1889, into the record in this case does not affect the questions to be determined in any way or manner whatever, and the judgment entered at the instance of respondents on the 9th of December, 1890, was not, as they term it, a "useless formality."

*Allan R. Joy*, and *E. P. Cadwell* .(*M. J. Liddell*, of counsel), for Respondents.

The rendition of judgment is the exercise of the judicial discretion in pronouncing the sentence of the law upon the issues and facts of the case. This necessarily precedes the entry of judgment, which is the mere ministerial duty of the clerk. The law (subd. 1, § 421, Code Civ. Proc.) has been construed, and there is no difficulty about the practice. If appellant wishes to review the facts upon which the decision or verdict is based, he should appeal within sixty days after the rendition of judgment; otherwise his appeal only brings up questions apparent upon the face of the judgment roll. (*Handley* v. *Figg*, 58 Cal. 580; *McLaughlin* v. *Doherty*, 54 Cal. 519; *Clark* v. *Gridley*, 49 Cal. 195; *Kidder* v. *Stevens*, 60 Cal. 421; *Mogk* v. *Peterson*, 75 Cal. 496.) The signing of the judgment on the 9th of December, 1890, by the judge of the Sixth District Court, was a useless formality; for the judgment in the case had been previously rendered for plaintiff by the judge of the territorial court on the 24th of June, 1889, and the power to render judgment in that case had been exhausted more than a year. It is true the territorial judge had not signed a written judgment, but had signed the minutes, which was more than sufficient under the law. No law requires the signature of a judgment — the clerk may enter it. (*Clink* v. *Thurston*, 47 Cal. 21; *Alpers* v. *Schamnul*, 75 Cal. 594.)

HARWOOD, J. — It appears from the record on appeal in this case that the action was commenced on the twenty-third day of December, A. D. 1887, in "the District Court of the Third Judicial District of the Territory of Montana, sitting for the

trial of causes arising under the Constitution and laws of the United States, at Bozeman, Mont." The action was brought to recover damages for the alleged killing of two hundred and fifty and the injury of fifty head of sheep belonging to plaintiffs, by the alleged careless and negligent running of an engine against and upon said sheep. On the twenty-ninth day of May, 1889, the cause was tried in said District Court, sitting for the trial of causes arising under the Constitution and laws of the United States, and the jury impaneled therein returned a verdict in favor of the plaintiffs in the sum of twelve hundred dollars. The record of the trial and determination of the action in said court, so far as determined by that court, is evidenced by certain record entries certified to this court in a supplemental transcript thereof, as follows:—

"May term. Wednesday, May 29, 1889. Third day. Court opened pursuant to adjournment. Present: Honorable M. J. Liddell, judge; Geo. W. Irvin, Esq., U. S. marshal; T. A. Garrett, clerk. *John F. Work and John F. Locke, plaintiffs,* v. *The Northern Pacific Railroad Company, defendant.* 740. This cause coming on regularly for trial the plaintiffs appear by their attorney, Allan R. Joy, Esq., and the defendant by its attorneys, Messrs. O. F. Goddard and Charles S. Hartman, whereupon the following jury was duly sworn and impaneled to try the issues in said cause, to wit: A. Jones, J. A. L. Snyder, Geo. R. Stover, Wm. Blain, John Smith, Geo. L. Danford, T. H. Walters, David Simpson, W. W. Livingston, Joseph Clancy, Joseph Seright, L. J. Sypes — twelve good and lawful men. Thereupon the plaintiffs proceeded to introduce their evidence, and there were sworn on their behalf J. F. Locke, Joseph Brinton, James Martin, Joseph Koruntz, and John F. Work, witnesses. And the plaintiffs having closed their evidence, there was sworn, on behalf of the defendant, J. S. Foley, witness. The defendant at this time, and before the introduction of its evidence, and before said witness was sworn, filed a motion for judgment of nonsuit; and the jury having withdrawn, said motion was argued by counsel for both parties, and after due consideration it was ordered by the court that the motion for nonsuit be overruled. Thereupon the jury returned into court, and the evidence being closed, after argu-

ment by counsel, the court charged the jury in writing, and thereupon the jury retired to their room to consider of their verdict. The jury returned into open court, both parties being present by their counsel, and rendered the following verdict, to wit: '*John F. Work and John F. Locke, pl'ffs,* v. *The Northern Pacific Railroad Company, defendant.* We, the jury, find for the plaintiffs in the sum of twelve hundred dollars. [Signed] G. R. STOVER, Foreman,'—which said verdict the court ordered to be recorded. And after said verdict was recorded the same was read aloud to the jury by the clerk of said court, and they were asked if that was their verdict, and made answer that it was. It was then ordered by the court that the jury be discharged from the case."

And the further record entry of said trial court is as follows:—

"May term. Monday, June 24, 1889. Twenty-third day. Court met pursuant to adjournment. Present: Hon. M. J. Liddell, judge; D. C. Campbell, Asst. U. S. atty.; Geo. W. Irvin, U. S. marshal; T. A. Garrett, clerk. John F. Work and John F. Locke, plaintiffs. The Northern Pacific Railroad Company, defendant. No. 740. In this action, judgment is hereby entered in accordance with the verdict of the jury heretofore entered on the twenty-ninth day of May, A. D. 1889; and it is ordered, adjudged, and decreed that the plaintiffs recover from the defendant the sum of twelve hundred dollars damages, together with the costs of this action, taxed at the sum of $ ————.

"M. J. LIDDELL, Judge."

The case remained in that condition until the State of Montana was created, and the functions of said trial court ceased by operation of law. After the organization and admission of the State of Montana into the Union, the question as to what court succeeded to jurisdiction of this and some other cases pending in said trial court seems to have been a matter of some uncertainty until the provisions of the act of Congress, commonly known as the "Enabling Act," relating to this question, were construed. (*Strasburger* v. *Beecher,* 44 Fed. Rep. 209; *Nickerson* v. *Crook,* 45 Fed. Rep. 658; *Johnson* v. *Bunkerhill & S. M. & C. Co.* 46 Fed. Rep. 417.)

It appears that after the creation of the State of Montana, and the establishment of United States courts therein, as pro-

vided in the act of Congress mentioned, the case at bar, and the records, papers, and other matters pertaining to it, were transferred to the United States Circuit Court in and for the District of Montana; and afterwards the same was returned to the State District Court of the Sixth Judicial District of Montana, within and for the county of Gallatin. No doubt this was done in consequence of the construction put upon section 23 of said act of Congress, entitled "An act to provide for the division of Dakota into two States; and to enable the people of North Dakota, South Dakota, Montana, and Washington to form constitutions and State governments, and to be admitted into the Union on an equal footing with the original States; and to make donations of public lands to such States," approved February 22, 1889, in the cases cited *supra.*

On the 9th of December, 1890, after the case was returned to the State court, a judgment *nunc pro tunc* was also rendered by that court in favor of plaintiffs and against defendant on the same verdict above set out, as of the date of said verdict, May 29, 1889. This latter judgment appellant appealed from, by perfecting its appeal February 25, 1891, and it contends that said judgment is the only judgment ever entered in said action, while respondents contend that the entry of the latter judgment was a "useless formality," and that the entry by the trial court made on the twenty-fourth day of June, 1889, as above recited, was a final judgment in said action, and that this appeal ought to be dismissed for the reason that the same was not taken within one year after the entry of such judgment. (§ 421, Code Civ. Proc.)

If the entry purporting to be a judgment made on the 24th of June, 1889, in the record of the trial court, amounts to a judgment in this case, then there is no doubt that this appeal is too late and should be dismissed on the determination of that fact.

The practice in the trial and determination of actions at law in that department of the District Court of the Territory, exercising the jurisdiction of a Circuit or District Court of the United States, would, in general, be conformed to the practice provided for the territorial courts under the Code of Civil Procedure of the Territory of Montana. (§ 914, U. S. Rev.

Stats.) The Code of Civil Procedure of Montana (§ 304) provides that "the clerk shall keep among the records of court a book for the entry of judgments, to be called the 'judgment book,' in which each judgment shall be entered, and shall specify clearly the relief granted or other determination of the action." Now the judgment of June 24, 1889, "specifies clearly the relief granted." It is a clear, concise, and certain expression of the conclusion of law declared by the court as a determination of the action. (Black on Judgments, §§ 1–3.)

The only objection that is urged as a reason why the entry of June 24, 1889, should not be held to be a judgment entered, is that it appears by the certificate of the clerk that such entry was made in a record of said court which is termed the "journal of proceedings," whereas, section 304 of the Code of Civil Procedure provides that the judgment should be entered in a record of the court to be called the "judgment book." The certificate of the clerk attached to the copy of the record of said judgment entered June 24, 1889, certifies that "the above and foregoing is a true and correct copy of the judgment entered in the above entitled cause, as the same appears on page 189, volume No. 5, journal of proceedings, District Court of the Third Judicial District of the Territory of Montana, sitting as a court for the trial and determination of causes arising under the Constitution and laws of the United States, as the same appears on said records now in my possession." Whether another record book was kept by the clerk of said court entitled "judgment book," or whether, if such record was kept, the entry of this judgment was or was not made therein, or whether the journal of proceedings was also known or called the "judgment book," are questions upon which this court is not informed. But assuming that it was the practice of the District Court of the Territory of Montana, in and for said district, when exercising its jurisdiction as a District or Circuit Court of the United States, to enter its judgments only in a book known as the "journal of proceedings," we have not been cited to any authority for holding that a judgment so entered should be disregarded, especially where the question arises between the parties to the action, who are presumed to have knowledge of all the proceedings. While by the provisions of section 914 of the United States Revised Statutes

that court would conform generally to the practice provided for the territorial courts, "as near as may be," still in many particulars such practice is not conformed to in every detail. (See cases cited under that section in Gould & Tucker's Notes on the Revised Statutes of U. S.) And if this was a question of practice pertaining to our own courts, or the District Court of the Territory of Montana, exercising its jurisdiction as such, and not as a United States Circuit or District Court, we think the entry of the judgment would be held sufficient as between the parties to the action, although such entry was made in a book designated "journal of proceedings" of the court in question instead of "judgment book." This irregularity would not be sufficient to invalidate or impair the effect of the judgment as between the parties to the action. Such was the effect of the holding in *Thompson* v. *Bickford*, 19 Minn. 17. (See, also, Black on Judgments, § 111, and cases cited.)

We hold that said record entry of June 24, 1889, was the entry of judgment in said action, so as to set running the time within which an appeal may be taken, and this appeal, which was not taken until more than one year had expired after said judgment was entered, is too late (§ 421, Code Civ. Proc.), and therefore must be dismissed.

Wherefore, it is ordered that this appeal be dismissed at the costs of the appellant.

*Dismissed.*

BLAKE, C. J., and DE WITT, J., concur.

### ON REHEARING.

HARWOOD, J.—Motion for rehearing of this action has been filed and carefully considered. Among the grounds upon which rehearing is asked, appellant urges that if the entry of June 24, 1889, amounts to entry of judgment in said action, as held by this court, then it follows, considering the entry of the judgment upon the same verdict by the State court, that two judgments have been entered against appellant for the recovery of twelve hundred dollars on one and the same cause of action and verdict. And appellant complains that having appealed from the latter entry of the judgment on said verdict by the State court by the determination of this appeal, appel-

lant is turned away with two judgments standing against it, one of which must be unauthorized and erroneous.

This feature of the case was in no way suggested on the hearing of the appeal, nor was this court asked to make any order touching that matter. The point, however, was not overlooked, but on the contrary was considered; and our view of it was then, and still is, that it would be a matter of supererogation for this court to advert to that condition of the case, or make any order concerning it. The entry of the second judgment by the State court was an entry *nunc pro tunc,* reciting the same trial, and verdict found and returned by the jury on the twenty-ninth day of May, 1889; and the satisfaction of the first judgment entered would, of course, satisfy all other judgments entered *nunc pro tunc* on the same recovery, which is in fact one judgment twice entered. Moreover, section 311 of the Code of Civil Procedure provides: " Satisfaction of a judgment may be entered in a clerk's docket upon the execution returned satisfied, or upon an acknowledgment of satisfaction filed with the clerk, made in the manner of an acknowledgment of a conveyance of real property, by the judgment creditor, or by his indorsement on the face, or on the margin of the record of the judgment, or by the attorney, unless a revocation of his authority is filed. Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment or make such indorsement, and upon motion the court may compel it, or may order the entry of satisfaction to be made without it. " Upon satisfaction of said judgment, entry of satisfaction must be made, showing a cancellation or satisfaction of all judgments entered upon said verdict. For these reasons, we do not regard the point as one upon which this court should make an order on the determination of the appeal.

Upon careful consideration of all points presented in appellant's motion for rehearing, we do not find grounds for granting the same. The motion is therefore denied.

BLAKE, C. J., and DE WITT, J., concur.