# CAUSES DETERMINED

IN THE

# United States District Court

FOR THE

# District of Hawaii

---

UNITED STATES OF AMERICA

*v.*

LORRIN A. THURSTON *et al.*

April 17, 1911.

1. *Judge—Disqualification—Acting as counsel, or other participation, in cause:* Under Rev. Stat. sec. 601, the fact of having been counsel of record as member of a firm of attorneys who had been retained in a suit, disqualifies a judge from sitting in that suit even though he had never taken any part in the cause and has no further pecuniary, or other, interest in it.

2. *Same—Same; exception in case of necessity: Quare,* whether a judge, though disqualified by having been of counsel, may not sit in case of absolute necessity, in order to prevent failure of justice.

3. *Same—Same; exception in merely formal matters:* A judge though disqualified, may act in merely formal matters.

*Eminent Domain:* Suggestion of disqualification of judge.

R. W. Breckons, U. S. District Attorney, for the plaintiff. *Holmes, Stanley & Olson; Kinney, Ballou, Prosser & Anderson; Thompson & Wilder; Smith, Warren & Hemenway;* and *Lorrin Andrews* for the defendants.

CLEMONS, J.  In this case counsel for the defendants have declared in open court their intention to suggest my disqualification to pass upon the pending demurrers, as well as to preside at the trial, on the ground of my having been of counsel for one of the defendants previous to becoming a judge of this court; and the plaintiff having meantime moved to set the demurrers for hearing, several of the defendants have now joined in filing such suggestion.  Aside from this action of the parties, I also had been considering the question with the view of declining, on my own motion, to sit in the case if I should find myself disqualified.  See *Moses v. Julian,* 45 N. H. 52, 53; 84 Am. Dec., 114, 116.

It is a fact that previous to my accession to the bench of this court, I had been a member of a firm of attorneys representing one of the defendants, and counsel of record herein, but I never had any part in the case whatsoever, never discussed it with the clients or with my associates in this firm, and know nothing of the facts or pleadings, though, of course, I have knowledge in a general way of the nature of the suit; also, I have no further pecuniary interest in the matter by way of compensation as attorney, and have no other interest in the outcome of the suit, except such interest as any judge could not help but have in desiring the reasonably prompt determination of a condemnation proceeding, preliminary, as this particular proceeding is, to his court's having quarters of its own.

[1]  The Organic Act creating a government for Hawaii, 31 Stat. 141, sec. 5, makes effective in this Territory all laws of the United States, which are not locally inapplicable, saving only certain specified statutes.  These special exceptions strengthen the general application of this statutory rule.  See 23 Ops. Atty. Gen., 177; Id., 169; 19 Id., 678.

The Federal law relating to disqualification of judges of District Courts, Rev. Stat., sec. 601, provides that:

"Whenever it appears that the judge of any District

Court is in any way concerned in interest in any suit pending therein, or has been of counsel for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial, it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court."

This section, having defined disqualification, then provides a method of procedure whereby a disqualified judge shall certify to another court such cases as are within the definition.

Insofar as this section expresses what Congress regards as disqualifying a judge, it is applicable to any District Court; Congress could not be presumed to have intended anything else, in view of the principle of equality fundamental in our institutions.

The procedure provided by section 601 cannot, however, apply here, because of the limiting effect of the word "adjoining" used by Congress about a century ago in its short view of territorial expansion. See *Lewis v. Johnson,* 90 Fed., 673. And the procedure clause of this section has given me the only difficulty in reaching an immediate conclusion, the question arising whether the inapplicability, or rather "unworkability" of the provision as to procedure would render the whole section inapplicable. But I feel that, Congress having declared itself against a judge's sitting in a case in which he had been of counsel, I must regard that expression of the legislative will, even though the procedure provision of the statute was not made broad enough to cover non-contiguous territory; Congress, undoubtedly, intended this procedure to apply everywhere, as it also undoubtedly intended its definition of disqualification to apply without limitation, and we can only regret that our legislators of the early days, though "wise in their own generation", did not foresee conditions in generations to follow, but we cannot disregard their will so plainly spoken as to the matter of disqualification. The reasons for my not sit-

ting in this case, "the reason and spirit of the law", which moved Congress to prescribe these disqualifications, exist none the less, even though the procedure provided for assignment to another court or judge, is here inadequate.

Does the fact of my having been only nominally of counsel, or of having had no active part in the case, make any difference? The courts have held that it does not. *State v. Hocker*, 34 Fla. 43; 15 So. 581, 583; 25 L. R. A. 114; *Keeffe v. Third Nat'l. Bank*, 177 N. Y. 305: 69 N. E. 593, 595; *East Rome Town Co. v. Cothran*, 81 Ga. 359; 8 S. E. 737, 740-741. And with this view I heartily agree, for if we leave to a judge the determination of border-line cases, or cases of different degrees, of disqualification, we offend the very principle under consideration, expressed by the ancient maxim, *nemo debet esse judex in propria sua causa.* Broom, Maxims, 7th Eng. ed., 92. "It is of the last importance," said Lord Campbell, "that the maxim that 'no man is to be judge in his own case' should be held sacred." Id., 93. See, also, Id., 96.

It is suggested that my disqualification would result, at all events, under the provision of section 84 of the Organic Act, 31 Stat., 157, relating to disqualification of judges of the Hawaiian Territorial courts, as amended by the Act of May 27, 1910, 36 Stat. 447, sec. 6; on the ground that this section is made operative by section 914 of the Revised Statutes, enforcing in the District Courts, as near as may be, the practice of the State courts within the same District. But, while this latter section applies to Hawaii, as well as to the States: *United States v. Honolulu Plantation Co.*, 122 Fed., 581, 586; *Work v. Northern Pacific R. Co.*, 11 Mont. 513, 519, 29 Pac. 280; I must hold that it does not make section 84 of the Organic Act applicable in this case, where a Federal statute already exists expressly defining disqualification of District Judges. *United States v. Indian Grave Drainage Dist.*, 85 Fed. 928; 3 Gould & Tucker, Notes on Rev. Stat., 95. Nevertheless I regard section 84 of

the Organic Act, as amended, as of strong force as an argument for my conclusion, it being a very recent declaration by Congress of its view of disqualification, and made in the face of local practice in the Territorial courts as determined in *Notley v. Brown,* 17 Haw. 393, which held that even active participation in a case was not a disqualification in the absence of statute.

The ruling is, therefore, that I am disqualified to sit in this case.

[2] There is reserved, however, for future determina-. tion, if required, the question whether some judge of this court may not sit in case of absolute necessity in order to prevent failure of justice, in this particular cause under consideration, as well as in any other cause. *Ten Eick v. Simpson,* 11 Paige, 177, 179; *Notley v. Brown,* 17 Haw. 393, 414 (Frear, C.J., dissenting); and see *In re Sime,* 22 Fed. Cas. 145, 147, No. 12,861. It may be noted, that the Judiciary Act of March 3, 1911, recently approved, 36 Stat. 1087, in effect next January, would in any event soon relieve the case of any possible embarrassment for want of some judge to dispose of it. Id., secs. 14, 15, 20, 116, 301.

[3] The senior judge of this court, to whose charge this suit will now fall, will, of course, determine his own qualifications. Meanwhile, I shall be ready at all times to act herein in merely formal matters. *McFarlane v. Clark,* 44 Mich. 44, 46. See 25 L. R. A., 116, note d.

The clerk will cause the fact of my disqualification to be entered on the records of the court.